UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

NICOLASA BAZA-MALDONADO,
          *Defendant-Appellant.*

No. 00-4177

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-99-227)

Submitted: September 29, 2000

Decided: April 23, 2001

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Donald K. Tisdale, Sr., TISDALE & MENEFEE, Winston-Salem, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Nicolasa Baza-Maldonado appeals her conviction and sentence for possession with intent to distribute cocaine hydrochloride in violation of 18 U.S.C.A. § 841 (West 1999). Finding no reversible error, we affirm.

Baza-Maldonado raises three issues on appeal, claiming that: (1) the district court impermissibly used her decision to exercise her right to remain silent at sentencing against her in calculating drug quantity; (2) the district court erred in denying a reduction for acceptance of responsibility; and (3) the district court erred in calculating the quantity of drugs attributable to her.

We find that the district court did not impermissibly use Baza-Maldonado's decision to exercise her right to remain silent against her in calculating drug quantity. Although the district court stated that it had no way to judge Baza-Maldonado's credibility if she refused to take the stand, we find that its statement logically referred to whether Baza-Maldonado was entitled to a reduction for acceptance of responsibility and not to a finding of drug quantity. Further, we find that its decision to deny the reduction was based on its finding that Baza-Maldonado failed to admit relevant conduct and not on her decision not to testify at sentencing.

Furthermore, we find that the district court did not clearly err in denying a reduction for acceptance of responsibility. The sentencing guidelines clearly state that "a defendant who falsely denies or frivolously contests relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." *U.S. Sentencing Guidelines Manual* § 3E1.1, comment. (n.1(a)) (1998). Because the district court found that Baza-Maldonado failed to admit relevant conduct, we find that it properly denied a reduction for acceptance of responsibility.

Finally, we find that the district court did not err in calculating drug quantity. Based on witness testimony at sentencing and the quantities

of marijuana and cocaine hydrochloride found in Baza-Maldonado's car and home, we find that the district court's determination of drug quantity was reasonable under the preponderance of the evidence standard. We note that because Baza-Maldonado was sentenced to less than the twenty years authorized by § 841(b)(1)(C)for the smallest amounts of cocaine, her sentence was not increased beyond the statutory maximum based on any finding of drug quantity. Her sentence is therefore not in conflict with the Supreme Court's recent decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), regardless of whether that decision requires drug quality to be treated as an element of a § 841 offense.

Accordingly, we affirm Baza-Maldonado's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*